UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Larry Lee,

    Plaintiff,

v.

Dean Willey, et al.,

    Defendants.

                   /

Case No. 10-12625

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [96]**

Before the Court are Defendants Bagley, Dixon, Ludwick, Owen, Thomas, Willey, and Zischke's objections and Plaintiff's objections to Magistrate Judge Randon's August 10, 2012 report and recommendation. (Dkt. 98, 99.)

The Court has already addressed and ruled upon Defendants' first two objections regarding exhaustion and the tolling of the statute of limitations, as Plaintiff points out. (See February 1, 2012 report and recommendation (Dkt. 68) and February 29, 2012 order adopting report and recommendation (Dkt. 76).) The Court therefore denies those objections. The Court also denies Defendants' third objection–that Judge Randon applied the wrong standard when he recommended finding that several of the defendants failed to protect Plaintiff. (Dkt. 98, Defs.' Objections at 4.) The Court, having reviewed the pleadings and evidence, finds that Judge Randon properly viewed the evidence in a light most favorable to Plaintiff, as is required, and applied the appropriate standards in analyzing Plaintiff's claims.

1

Plaintiff has also objected to the report and recommendation. (Dkt. 99.) Plaintiff claims that Judge Randon failed to address Plaintiff's state law "invasion of privacy" claim. (Dkt. 99, Pl.'s Objection at 1.) In his report and recommendation, Judge Randon stated, in a footnote, that the state law invasion of privacy "tort was not raised in Plaintiff's Complaint nor did Plaintiff's attorney seek leave to amend Plaintiff's Complaint." (Dkt. 96, August 10, 2012 report and recommendation at 18, n 5.)

Plaintiff states that his complaint, construed liberally, sufficiently articulates a claim for state law invasion of privacy. (Pl.'s Objections at 2.)

The Court disagrees with Plaintiff and agrees with Judge Randon. Plaintiff, in his complaint, was able to articulate specific causes of action under both federal and state law. But he failed to allege a state law claim of invasion of privacy.

The Court therefore, being fully advised in the premises, having reviewed the record and pleadings, and having reviewed the objections to the report and recommendation, OVERRULES Defendants' and Plaintiff's objections to the report and recommendation and ACCEPTS and ADOPTS the report and recommendation in full.

The Court therefore grants Defendants' motion with respect to Defendant Ludwick–the Court dismisses the claims against him with prejudice. The Court grants Defendants' motion with respect to Defendants' equal protection, deliberate indifference to medical needs, cruel and unusual punishment, substantive due process, right to privacy, and ELCRA claims, and dismisses those claims with prejudice. The Court denies Defendants' motion on the deliberate indifference to safety claims. That claim shall proceed against Defendants Dixon, Willey, Zischke, Bagley, Owen, and Thomas in their individual capacities. The Court grants in part and denies in part Defendants' motion with

respect to the intentional infliction of emotional distress. The Court dismisses with prejudice the IIED claim against Defendants Dixon and Zischke. The Court allows the IIED claim to proceed against Defendants Willey and Thomas.

    SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager