UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Larry Lee,

    Plaintiff,

v.

Dean Willey, et al.,

    Defendants.

_____/

Case No. 10-12625

Honorable Nancy G. Edmunds

**ORDER AND OPINION GRANTING DEFENDANTS' MOTION FOR BENCH TRIAL ON EXHAUSTION AND ORDER SETTING DATE FOR BENCH TRIAL [113]**

Plaintiff Larry Lee, a homosexual man, filed this 42 U.S.C. § 1983 claim against various prison officials and a part-time prison psychiatrist alleging that they violated his federal and state constitutional rights and various other rights when they allegedly ignored his statements that other prisoners were sexually threatening him with rape and other forms of sexual assault.  Plaintiff alleged that other prisoners sexually assaulted him after his requests for help from Defendants.

The case has been through several rounds of dispositive motions and the Court stayed the case while Defendant Mehra appealed his qualified immunity argument to the Sixth Circuit.

A handful of claims remain.  Those claims are:

- deliberate indifference to safety against Defendant Mehra (dkt. 105);

- deliberate indifference to safety against Defendants Dixon, Willey, Zischke, Bagley, Owen, and Thomas (dkt. 102); and

1

- intentional infliction of emotional distress against Willey and Thomas (dkt 102).

During the dispositve motion phase of the case, Defendants argued that Plaintiff could not succeed on his claim because he did not exhaust his administrative remedies while he was in prison. The magistrate judge and the Court addressed the argument several times. Each time, the magistrate judge recommended, and the Court held, that there were issues of fact as to whether Plaintiff exhausted his administrative remedies.

Defendants now have filed a motion for a bench trial on the issue of administrative remedies in advance of a trial on the merits. (Dkt. 113, 117.) Plaintiff has filed a response, arguing that Defendants have waived the affirmative defense and that the Court has already ruled on the issue of exhaustion. (Dkt. 188.)

Having reviewed the pleadings, the Court finds a hearing unnecessary and disposes of one pursuant to Eastern District of Michigan Local Rule 7.1 (f)(2). Because the Court finds there is no right to a jury trial on the issue of exhaustion, the Court GRANTS Defendants' motion and sets the matter for an evidentiary hearing.

**I.   Analysis**

The Prison Litigation Reform Act of 1995 (PLRA) requires that a plaintiff cannot bring an action in federal court under 42 U.S.C. § 1983 unless he has exhausted the administrative remedies available to him. 42 U.S.C. § 1997e(a). *See also Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011).

To satisfy the PLRA's exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Peterson v. Cooper*, 463 F. App'x 528, 530 (6th Cir. 2012) (citation omitted). "When a prisoner makes affirmative efforts to comply with the administrative grievance process but

2

does not succeed, [courts] analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quotation marks and citations omitted).

A court may excuse an inmate's failure to exhaust in some situations where: (1) administrative remedies were not in fact available to the prisoner, (2) defendants' actions inhibited exhaustion, or (3) special circumstances justify non-exhaustion. *Messa*, 652 F.3d. at 309 (citations, quotations marks, and insertions omitted). *See Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.") *See also Baker v. Andes*, 04-343, 2005 WL 1140725 (E.D.Ky. May 12, 2005) (discussing the three factors in *Messa*.); *Brown v. Harrington*, 09-14211, 2010 WL 3075071 (E.D.Mich. July 8, 2010) *adopted by* 2010 WL 3075061 (E.D.Mich. Oct. 26, 2010) (Zatkoff, J.) (same). "The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted). The Sixth Circuit "has consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case, the prisoner did *something*." *Id.* at 224 (emphasis in original, citations omitted).

Although the Sixth Circuit has not addressed whether a plaintiff has a right to a jury trial on the issue of exhaustion, six other circuit courts have addressed the issue, and they have held that there is no right to a jury trial on exhaustion. *Messa*, 652 F.3d at 308 (citations omitted). District courts in Michigan have addressed and extended *Messa*'s holding. *See Palmer v. Flore*, 09-14642, (Jan. 14, 2014) (Lawson, J.) (relying upon *Messa*, noting that sixth other circuit courts had addressed the issue, and holding that the

3

defendants were entitled to a bench trial on the exhaustion issue, and setting the matter for an evidentiary hearing.) (and citing cases for the same proposition.). *See also Travis v. Morgridge*, 12-96, 2013 WL 227665, at*5 (W.D.Mich. Jan. 22, 2013) (Quist, J.) (also relying upon *Messa* and holding that there is no right to a jury trial on exhaustion.).

The *Messa* court held, and the Court agrees, that, because the PLRA's exhaustion requirement is a tool courts use for judicial administration, i.e. "traffic control," that courts decide the issue, not juries. 652 F.3d at 309-10 (citations omitted).

Defendants argue that they are entitled to a bench trial on the issue of exhaustion. (Defs.' Mot. at 2.) They state that the magistrate judge and the Court have already found that an issue of fact exists as to whether Plaintiff properly exhausted the administrative remedies available to him. (*Id.*)

Plaintiff argues that the Court has already addressed the exhaustion issue. (Pl.'s Resp. at 3.) Plaintiff states that the magistrate judge found that Plaintiff had exhausted the administrative remedies available to him and that the Court accepted the magistrate judge's finding over Defendants' objections. (*Id.*) Plaintiff also argues that Defendants have waited too long to renew their exhaustion argument and therefore that they have waived their right, if a right exists, to a bench trial on exhaustion. (*Id.* at 4.)

The Court rejects Plaintiff's arguments. While the Court acknowledges the long history of the case, the Court finds that Defendants did not waive the exhaustion issue. Various other dispositive motions were filed by other parties, whittling down the claims. While some of the defendants could have raised their request for a bench trial earlier, they are correct that the Court stayed the case while Defendant Mehra appealed. They filed their motion for a bench trial only a few weeks after remand. The Court rejects Plaintiff's

argument.

Plaintiff also argues that the Court has already decided the issue of exhaustion, maintaining that the magistrate judge held so. The Court rejects this argument as well. Addressing motions for summary judgment, the magistrate judge found a genuine issue of fact existed as to exhaustion. *See Messa*, 652 F.3d at 309 (rejecting the plaintiff's argument that "the presence of disputed material facts converts exhaustion into a jury issue.")( "Matters of judicial administration often require district judges to decide factual disputes that are not bound up with the merits of the underlying dispute.")(citations omitted). The Court agreed with the magistrate judge and found genuine issues of fact. At no time did, as Defendants point out, Plaintiff move for summary judgment on the issue or the Court rule on the issue.

The issue is still pending. The Court finds a bench trial/evidentiary hearing is the most efficient way to proceed.

## II. Conclusion

For the above-stated reasons, the Court GRANTS Defendants' motion for a bench trial on the issue of exhaustion. The Court sets the trial/evidentiary hearing for Wednesday, February 19, 2013 at 12:30 p.m. and Thursday, February 20, 2014, at 12:30 p.m., if needed.

So ordered.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: February 3, 2014

5

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2014, by electronic and/or ordinary mail.

                         s/Johnetta M. Curry-Williams
                         Case Manager
                         Acting in the Absence of Carol Hemeyer